MEDENCO, INC. and Continental Prosthetics, Inc., Petitioners,

v.

Gloria June MYKLEBUST, Respondent.

No. B–9897.

Supreme Court of Texas.

April 8, 1981.

Rehearing Denied May 20, 1981.

Baker & Botts, David M. Lacey and Dorothy M. Keenan, Houston, for petitioners.

Gay, De La Garza & Roscoe, Dvosha Roscoe and Jennifer A. Morris, Houston, for respondent.

CAMPBELL, Justice.

This is a postdivorce action against the former husband and his employer for fraudulent concealment and conspiracy for failing to voluntarily disclose information about his employment benefits. The trial court granted the motion for summary judgment for Defendants, Medenco, Inc. and Continental Prosthetics, Inc., and rendered judgment that Plaintiff, Gloria June Myklebust, take nothing. The Court of Civil Appeals reversed the judgment and remanded the cause. 605 S.W.2d 397. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Mr. Myklebust was employed by Medenco and one of its subsidiaries, Continental Prosthetics. Pursuant to his employment agreement, he was granted options to acquire Medenco stock. In January 1978, Mr. Myklebust terminated his employment and was entitled to exercise stock options to purchase 2,063 shares of Medenco common stock. Except for the stock options, he apparently was not entitled to receive any other employment or retirement benefits.

On March 13, 1978, the Myklebusts were divorced. During and after the divorce proceedings, Ms. Myklebust requested information from Medenco concerning Mr. Myklebust's employment and retirement benefits including stock options. Medenco refused to voluntarily disclose the information stating it considered the information to be confidential. However, Medenco offered, in writing, to release the information if the request was accompanied by the consent or instructions of Mr. Myklebust, by an appropriate court order, or by a subpoena duces tecum.

On March 29, Ms. Myklebust brought this suit against her former husband and his former employer, Medenco and one of its subsidiaries, Continental Prosthetics. She alleged that Mr. Myklebust fraudulently concealed community assets from her both during and after the divorce proceedings; that he purposely and maliciously prevented her from obtaining information concerning his stock options and other employment benefits; and, that Medenco and Continental Prosthetics acted in concert with Mr. Myklebust to defraud her of her interest in the stock options and other benefits.

Medenco filed a motion for summary judgment which alleged that Ms. Myklebust failed to state a cause of action. It also alleged that her claims were moot because Mr. Myklebust had no additional benefits. The trial court granted the motion for summary judgment and rendered judgment that Ms. Myklebust take nothing against Medenco and Continental Prosthetics.[1]

The Court of Civil Appeals held that an employer has a duty to voluntarily disclose the existence and nature of an employee's benefits to the employee's spouse upon reasonable request and proper identification. We disagree.

1. The cause of action against Medenco and Continental Prosthetics was severed from the cause of action against Mr. Myklebust and a final judgment was rendered in favor of Medenco and Continental Prosthetics. Mr. Myklebust is not a party to this appeal.

We are of the opinion that it is not sound policy to create a duty for every employer in Texas to voluntarily disclose to nonemployee spouses community property assets accrued by an employee spouse because of the employment. During marriage the duty to disclose is between the spouses.

██ If a divorce action is filed, the nonemployee spouse can obtain information about the employee's work benefits through discovery proceedings. *See* Sales, *Pre-Trial Discovery in Texas*, 31 Sw.L.J. 1017 (1977). The employee spouse as a party to the divorce is subject to (1) Rule 167[2]—Discovery and Production of Documents and Things for Inspection, Copying or Photographing, (2) Rule 168—Interrogatories to Parties, (3) Rule 169—Admission of Facts and of Genuineness of Documents, and (4) Rules 186, 186a and 201—Written or Oral Depositions of Witnesses, Subpoena Duces Tecum. The employer who is not a party to the divorce is subject to (1) Rule 167—Discovery and Production of Documents and Things for Inspection, Copying or Photographing[3] and (2) Rules 186, 186a and 201 —Written or Oral Depositions of Witnesses, Subpoena Duces Tecum. If the employee spouse or employer refuses to disclose the information, the sanctions of Rules 170 and 215a may be imposed. *See* Comment, *Imposition and Selection of Sanctions in Texas Pretrial Discovery Procedure*, 31 Baylor L.Rev. 191 (1979); Sales, *supra*. Ms. Myklebust did not attempt to use any of these methods of discovery during the divorce proceedings.

After divorce, the nonemployee spouse has several legal remedies against the employee spouse for failing to disclose the requested information. These remedies include a suit for fraudulent concealment of community assets and for partition of undivided community property. The employee spouse and the employer are subject to the applicable discovery procedures discussed above.

This suit was filed 16 days after the divorce was granted, but before it became final. *See* Rule 329b, Tex.R.Civ.Pro. Ms. Myklebust filed a Notice of Intent to depose various Medenco officers. The trial court granted a protective order to this Notice. She does not complain of that order. Almost one year later, on March 8, 1979, Ms. Myklebust served interrogatories on Medenco inquiring about Mr. Myklebust's employment benefits. These were answered on April 6. No complaint was made of these answers.

██ During marriage, community property employment benefits acquired through employment are subject to the sole management, control and disposition of the employee spouse. Tex.Fam.Code Ann. § 5.22(a). The employer owes a duty to the employee spouse to make reasonable disclosure of the nature and extent of the benefits held by the employer. If a final divorce decree awards any portion of the employment benefits to the nonemployee spouse as separate property, the employer would owe the same duty of disclosure to the nonemployee owner as it would the employee owner. Before disclosing the information, the employer may require proper proof of ownership and identity. After receiving a reasonable request from the nonemployee owner, the employer must reply within a reasonable time.

██ We hold that an employer does not have a duty to voluntarily disclose the existence and nature of an employee's benefits to the employee's spouse. The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

*See* Pope & McConnico, *Practicing Law With the 1981 Texas Rules*, 32 Baylor L.Rev. 457, 468–69 (1980).

---

**2.** All references to rules are to Vernon's Texas Rules Annotated.

**3.** Effective January 1, 1981, Rule 167 applies to nonparties as well as parties. Tex.R.Civ.P. 167.