Stanley A. McCUBBIN & Woodbine Electric Services, Inc., Appellants,

v.

Barbara McCubbin TATE, Appellee.

Kerry N. CAMMACK, Appellant,

v.

Stanley A. McCUBBIN & Barbara McCubbin Tate, Appellees.

No. 12–90–00178–CV.

Court of Appeals of Texas, Tyler.

Dec. 30, 1992.

Rehearing Denied Feb. 16, 1993.

Rex Nichols, Melvin R. Wilcox, III, Longview, for appellants.

Rob Foster, Longview, for appellees.

Before RAMEY, C.J., and COLLEY and BILL BASS, JJ.

COLLEY, Justice

## I. INTRODUCTION

A. Plaintiff/Appellee Barbara McCubbin Tate and Defendant/Appellant Stanley A. McCubbin were married on May 1, 1979. No children were born as issue of the marriage. The parties were divorced on October 23, 1981 by decree of the trial court in a non-contested divorce action. Both parties were represented in the divorce action by third party Defendant/Appellant Kerry N. Cammack, an attorney.

Before the hearing of the non-contested matter, the Appellee Barbara McCubbin Tate ("Tate"), and the Appellant Stanley A. McCubbin ("McCubbin") came to an oral agreement in respect to a division of their community property estate. These parties mutually agreed that Tate would be awarded certain items of personal property, including a 1980 Buick automobile and $5,000 in cash, and that McCubbin would be awarded all other items of community property acquired by the parties during the short term marriage. That agreement was accurately communicated by the parties to Appellant Cammack ("Cammack").

Thereafter, Cammack prepared a written document entitled "Agreement Incident to Divorce" ("A.I.D."), that both parties signed and acknowledged. Unfortunately, the A.I.D. did not reflect the parties' true intent or agreement. Instead, the format of the agreement included "Schedule 1" which accurately described the items of community property that were to be awarded to Tate, and "Schedule 2" which inaccurately purported to describe specifically the remaining items of community property to be awarded to McCubbin. Cammack inadvertently omitted a specific description of a two-acre tract of land on "Schedule 2" upon which lands certain buildings and other improvements belonging to Intervenor/Appellant Woodbine Electric Services, Inc., a Corporation ("Woodbine"), were constructed during the last year of the marriage. This corporation was owned by McCubbin as separate property.[1] The divorce decree divided the property as provided in the written A.I.D.

B. In 1988, Barbara McCubbin Tate filed this suit for a partition of the two-acre tract of land which she alleged she owned jointly with Stanley A. McCubbin. This suit was initiated after counsel for McCubbin mailed Tate a "Special Warranty Deed" for her signature for the purpose of clearing the title to the two-acre tract as requested by a lien creditor of McCubbin and Woodbine. The basis of Tate's partition suit is that the two-acre tract was left undivided by the divorce decree because the division of property in the decree was based on the A.I.D.[2] that was incorporated in that decree. McCubbin answered this suit and filed a third party petition against third party Defendant/Appellant Kerry Cammack, basically seeking total indemnity from Cammack for any damages awarded against McCubbin in favor of Tate based on Cammack's alleged negligence (malpractice) in failing to accurately reduce Tate's and McCubbin's property settlement agreement to writing for use in the divorce action. McCubbin and Cammack both pled mutual mistake and sought reformation of the A.I.D. so it would correctly reflect the property settlement agreement reached by Tate and McCubbin in the divorce suit. Woodbine intervened in this cause. The suit went to trial before a visiting judge, and at the close of the evidence and arguments, she signed the judgment adjudging the title to the two-acre tract of land *and all improvements thereon,* to be held by

---

**1.** The record shows that at the time of the marriage of Appellee and Appellant McCubbin, that he owned 75% of the stock of this corporation, and his father owned 25%. After the divorce, McCubbin acquired his father's stock.

**2.** The A.I.D. provided that any item of community property not described in either "Schedule 1" or "Schedule 2" of the agreement would belong to the parties thereto as "equal co-tenants."

Tate and McCubbin in equal shares as co-tenants.

The court also found that the real property was not susceptible to partition in kind, appointed a receiver, and ordered the property sold at public sale with the proceeds to be paid into the registry of the court and equally divided between Tate and McCubbin.

That judgment also awarded Tate monetary damages representing one-half of the "reasonable rental value" of the land and improvements for a period of time from the date of the divorce decree until the time of judgment, and reasonable attorney's fees in the sum of $9,400. The judgment also awarded attorney's fees in favor of McCubbin against cross-appellee Cammack's attorney fees in the amount of $8,000. The judgment then ordered that Cammack indemnify McCubbin for all those damages as well as the costs of the court which were awarded initially against McCubbin.

Because we conclude that the evidence conclusively establishes McCubbin's and Cammack's defense of mutual mistake, we will reverse the judgment and render judgment reforming the A.I.D. to reflect the true agreement of Tate and McCubbin for the division of their community property estate in the divorce suit.

## II. ARGUMENTS

### A. McCUBBIN'S BRIEF

By his brief, McCubbin makes clear that unless we first sustain at least one of Cammack's points of error directly related to McCubbin's "indemnified status," that is, Cammack's "third-party liability" to him, we need not "consider any [of his] 13 points of error." McCubbin then states, "[t]o that extent, this brief ... is purely conditional." From this statement, it appears that on appeal McCubbin is willing to abide the judgment below so long as he is totally indemnified by Cammack for the damages, attorney's fees, and costs adjudged against McCubbin as the trial court's judgment provides.

Since we will sustain Cammack's fourth point of error, the somewhat spurious "con-dition" imposed by McCubbin's brief is met, and we now address his eleventh point of error wherein he argues "that the evidence establishes as a matter of law that the mutual intent of the parties in entering into the [A.I.D.] was for [McCubbin] and or [Woodbine] to own the [two acres]."

In support of that contention, McCubbin cites a part of Tate's own testimony at trial. That testimony is that she and McCubbin discussed the property division before the divorce action was heard, and both agreed that she was to be awarded the items of community property later listed in "Schedule 1" of the A.I.D., and that McCubbin "was to get everything else." McCubbin's trial testimony was to the same effect. Since it is clear that the A.I.D. as drafted by Cammack did not accomplish these intentions, Tate and McCubbin made a mutual mistake in signing the A.I.D. The trial court should have reformed the A.I.D. to accomplish the division intended by the parties.

### B. CAMMACK'S BRIEF

Cammack presents ten points of error. By his fourth point, he argues that the trial court erred in failing to reform the A.I.D. "to correctly reflect the undisputed intention of [Tate and McCubbin] for the reason that the evidence conclusively established that a mutual mistake of fact existed between [Tate] and [McCubbin] as to whether McCubbin or Woodbine held the 'legal title' to the [two-acre of land] ... at the time of their divorce." Cammack also argues under this point that the court erred in her refusal to find that mutual mistake was against the overwhelming weight and preponderance of the evidence, and that the court committed the error in refusing to reform the A.I.D. to make its provisions reflect the true intentions of the parties under the undisputed and conclusive evidence. Based on Cammack's arguments under this point, we think it is clear that he argues that the evidence conclusively demonstrated that Tate and McCubbin agreed that the land was community property which McCubbin was to receive in the division of the marital property.

## C. TATE'S BRIEF

Basically, Tate argues that the evidence does not raise the mutual mistake defense because in an unchallenged finding, the trial court found that she "had no knowledge prior to February of 1988 of the nature of any ownership interest of either [McCubbin or herself] on the two acre ... tract." She also argues that the record clearly demonstrates that legal title to the land was vested in McCubbin and constituted community property of the parties. In short, Tate contends that because of the court's above fact finding, there could have been no mutual mistake.

## D. McCUBBIN'S REPLY BRIEF IN RESPONSE TO TATE'S BRIEF

By reference to the trial testimony of Tate, McCubbin argues that Tate assumed that the land belonged to Woodbine which, in turn, she had agreed was to be awarded to McCubbin.

## III. DISCUSSION

■ In the face of conclusive evidence that the A.I.D. did not express Tate and McCubbin's true agreement for the division of their community property estate, Tate argues on appeal that since she had not been informed before the dissolution of the marriage that the two-acre tract was community property, that McCubbin's right to assert the mutual mistake defense in this cause was technically destroyed. That argument is tentative and unsupported by citation to any authority. Seemingly, Tate relies on the family law rule that a spouse has a duty to disclose the nature and extent of the community property estate to the other spouse. *See Medenco, Inc. v. Myklebust*, 615 S.W.2d 187, 189 (Tex.1981) (holding, by way of *dicta*, that the divorced spouse who has been wronged by the other spouse's *fraudulent* concealment of the existence of community property assets, had a cause of action for partition of the "undivided community property" or a suit for damages occasioned by such fraudulent concealment of the property.) That rule should never be employed to destroy an equitable defense of mutual mistake, unless the failure to disclose was for the purpose of defrauding the uninformed spouse, or operated to render the property division unjust. Tate never pled, or otherwise asserted at trial that McCubbin's failure to disclose the fact that the two-acre tract was community property of the marriage, rendered the enforcement of the property settlement intended by the parties not just and right. *See* TEX.FAM.CODE ANN. § 3.91(a) (Vernon Supp.1992). In fact, that legal issue was never specifically addressed at trial by the court or by any party; indeed, there is not even a suggestion that such is the case.

■ Therefore, we hold that McCubbin's failure to inform Tate that he held legal title to the two-acre tract of land as community property does not preclude his assertion of his conclusively established defense of mutual mistake. We sustain Cammack's fourth point of error and McCubbin's eleventh point of error.

■ It is well established that an agreement incident to divorce contemplated by TEXAS FAMILY CODE ANN. § 3.631 (Vernon Supp.1992), although incorporated into a divorce decree, is governed by contract law, and may be reformed to correct mutual mistake occurring by reason of its execution. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex.1986) (and cases cited therein).

Although it is undisputed that McCubbin never informed Tate that he held the legal title to the land in question, it is likewise undisputed that such failure was not accompanied by any fraud, misrepresentation, or deceit on McCubbin's part. It is also undisputed that Tate never contended by pleadings, argument, or evidence that it was.

Thus, in the absence of any evidence that McCubbin practiced fraud or deceit on Tate by failing to disclose the true ownership of the property, and the failure of Tate to even argue that enforcement of the true agreement of the parties in the division of their property would result in a division that was not just and right under section 3.91(a) (Vernon Supp.1992), we conclude that McCubbin's failure to disclose the par-

ties' ownership of the two-acre tract does not preclude him or Cammack from urging the affirmative defense of mutual mistake.

## IV. DECISION

Because of our ruling on the two foregoing points of error, we reverse the judgment below and now pronounce and render judgment in this suit as follows, to-wit:

The "Agreement Incident to Divorce" (Plaintiff's Exhibit No. 6) is reformed to provide that Appellee Barbara J. McCubbin Tate is awarded as her share of the former community property estate of the parties to the divorce suit, cause number 81,705–DR, all items of property listed on "Schedule 1" of said agreement, and that Appellant Stanley A. McCubbin is awarded all other items of community property acquired by the parties, Barbara J. McCubbin Tate and Stanley A. McCubbin, during the course of their marriage, including the two-acre tract of land located on the Joseph Hoy Survey, A–97, in Gregg County, Texas, being the same land as conveyed by F.J. Morehead to "Stanley A. McCubbin d/b/a Woodbine Electric Company" by deed dated August 13, 1980, duly recorded in volume 1261, beginning at page 477 of the Gregg County Deed Records, reference to which deed and this record is here made for a full legal metes and bounds description of said lands, subject to all valid and existing liens or encumbrances shown of record;

It is further ordered, adjudged and decreed that:

Appellee Barbara J. McCubbin Tate take nothing by her suit against Appellant Stanley A. McCubbin, and that Appellant Stanley A. McCubbin recover over and against Appellee Barbara J. McCubbin Tate, one-half of his attorney's fees of $8,000.00 for the use and benefit of his attorney, Melvin R. Wilcox, III, who may also enforce this judgment to collect such fees;

It is further ordered, adjudged and decreed that:

Appellant Stanley A. McCubbin take nothing by his third party action against Appellant Kerry N. Cammack, except that Appellant Stanley A. McCubbin recover of and from Third Party Defendant/Appellant Kerry N. Cammack one-half of his attorney's fees of $8,000.00 for the use and benefit of his attorney Melvin R. Wilcox, III, who may enforce this judgment to collect such fees; and that all costs in this Court are taxed against Appellant Kerry N. Cammack, and all costs in the trial court below are taxed equally between Appellee Barbara J. McCubbin Tate and Appellant Kerry N. Cammack;

Finally, it is ordered, adjudged and decreed that Appellant Woodbine Electric Services, Inc. take nothing, since Woodbine's equitable title in the lands, if any, may be appropriately protected by Appellant Stanley A. McCubbin, sole owner of Woodbine.

