COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-339-CV
 
JOE TORREZ, EXECUTOR OF THE      
           
           
           
           
 APPELLANT
ESTATE OF SAMUEL S. TORREZ
V.
WINN-DIXIE STORES, INC.       
           
           
           
           
          
APPELLEE
------------
FROM THE 236
TH DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
INTRODUCTION
Appellant Joe Torrez, executor of
the estate of Samuel S. Torrez, appeals the trial court's granting of Appellee
Winn-Dixie Stores's, motion for summary judgment. In two points, Appellant
claims that: 1) the trial court erred in granting Appellee's motion for summary
judgment; and 2) the trial court abused its discretion by denying Appellant's
motion for a continuance. We reverse the trial court's judgment.
FACTS
Appellee purchased life insurance
policies on a large number of employees, including Samuel S. Torrez, in 1993.
Appellee named itself the beneficiary on these policies, which were apparently
purchased for tax benefits. The policies were called "corporate owned life
insurance" or COLI policies.
Torrez was employed by Appellee for
more than thirty-years. Although Torrez worked primarily as a data processor, he
held numerous positions with Appellee, and he retired as a security guard.
Torrez was retired for approximately two years before he died in 1996. Appellee
discovered that Torrez had died through a yearly check of Social Security
numbers, which Appellee performed in managing the COLI policies. Appellee then
filed a claim under the policy, and the insurance company paid Appellee over
$38,000 in life insurance proceeds.
Appellant first learned of the life
insurance policy in December of 2001. Upon learning that Appellee had purchased
insurance on the life of his father, Appellant brought suit as executor of the
Torrez estate. Appellant sought a declaration that Appellee did not have an
insurable interest in the life of Samuel S. Torrez. Appellant also sought the
imposition of a constructive trust over the life insurance proceeds paid to
Appellee. Appellee moved for summary judgment on the sole ground that
Appellant's claims were barred by the applicable statute of limitations. The
trial court granted Appellee's motion, and this appeal followed.
STANDARD OF REVIEW
In a summary judgment case, the
issue on appeal is whether the movant met his summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The
burden of proof is on the movant, and all doubts about the existence of a
genuine issue of material fact are resolved against the movant. S.W. Elec.
Power Co., 73 S.W.3d at 215; Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). Therefore, we must view
the evidence and its reasonable inferences in the light most favorable to the
nonmovant. Great Am., 391 S.W.2d at 47.
In deciding whether there is a
material fact issue precluding summary judgment, all conflicts in the evidence
are disregarded, and the evidence favorable to the nonmovant is accepted as
true. Rhone-Poulenc, 997 S.W.2d at 223; Harwell v. State Farm Mut.
Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Evidence that favors the
movant's position will not be considered unless it is uncontroverted. Great
Am., 391 S.W.2d at 47.
The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant's cause of action or defense as a matter of
law. Clear Creek Basin, 589 S.W.2d at 678.
SUMMARY JUDGMENT
In Appellant's first issue, he
claims that the trial court erred in granting Appellee's traditional summary
judgment motion based on the statute of limitations. Appellant asserts that the
statute of limitations on his claims was tolled by the discovery rule. Appellant
states that because he neither knew nor should have known of the insurance
policy in this case, the statute of limitations did not begin to run until he
discovered the existence of the policy in December 2001.
Traditionally, Texas courts have
prohibited a person from purchasing an insurance policy on the life of another
if that person does not have an insurable interest on the life of the insured. Cheeves
v. Anders, 28 S.W. 274, 275 (Tex. 1894). This theory of law is based on two
public policy concerns. First, Texas courts have repeatedly ruled that it is
against public policy to promote a practice that would encourage one person to
take the life of another. Stillwagoner v. Travelers Ins. Co., 979
S.W.2d 354, 360 (Tex. App.--Tyler 1998, no pet.). The second public policy
concern is that no one should be permitted to wager on the life of another. Stillwagoner,
979 S.W.2d at 360.
It is the second policy concern
that is controlling in this case. Clearly a company may insure the lives of
essential personnel, specifically those whose death would cause a financial
hardship on the company. See Stillwagoner, 979 S.W.2d at 360. However,
a company may not insure employees whose termination through sickness, death, or
other manners of employment cessation would cause no financial hardship on the
company whatsoever. Id. This has occurred in this case, where Torrez
retired nearly two years before he died, and Appellee can point to no financial
hardship which came from his retirement or death. As such, Appellee was merely
gambling on Torrez's life in hopes that his death would soon follow the
inception of the life insurance policy. When, as in this case, the necessary
insurable interest is lacking, the designated beneficiary holds the policy
benefits in a constructive trust for the insured's estate. Sever v.
Massachusetts Mut. Life Ins. Co., 944 S.W.2d 486, 491 (Tex. App.--Amarillo
1997, writ denied).
Appellee claims that Appellant had
four years from the time of Torrez's death to file suit in order to recover
under the constructive trust. See Mowbray v. Avery, 76 S.W.3d 663, 691
(Tex. App.--Corpus Christi 2002, pet. denied) (holding that a constructive trust
claim is governed by either a two or four-year statute of limitations period and
because the plaintiff failed to file within four years the claim was barred).
Appellant responds by stating that the statute of limitations was tolled until
he discovered the existence of the insurance policy. Under Appellant's argument,
he filed his claim within two years from the date he discovered the injury;
therefore, the statute of limitations would not bar his claims.
The Texas Supreme Court has
condoned the use of the discovery rule only when the nature of the plaintiff's
injury is both inherently undiscoverable and objectively verifiable. Wagner
& Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734 (Tex. 2001). An injury is
inherently undiscoverable if it is, by its nature, unlikely to be discovered
within the prescribed limitations period despite due diligence. See id. at
735 (citing to S.V. v. R.V., 933 S.W.2d 1, 7 (Tex. 1996)). However,
inherently undiscoverable does not mean that a particular plaintiff did not
discover his or her particular injury within the applicable limitations period. Id.
Instead, this court is to determine whether an injury is inherently
undiscoverable on a categorical basis because such an approach "brings
predictability and consistency to the jurisprudence." Apex Towing Co.
v. Tolin, 41 S.W.3d 118, 122 (Tex. 2001).
Appellee alleges that Appellant's
injuries were discoverable on a categorical basis. Appellee claims that an
executor would only be required to ask a deceased's former employer whether the
deceased had acquired any employment benefits through working for the company in
order to discover whether a COLI policy existed. See Medenco, Inc. v.
Myklebust, 615 S.W.2d 187, 189 (Tex. 1981) (holding that employment
benefits are discoverable in divorce proceedings, and an employer who refuses to
answer a proper discovery request could be subject to sanctions by the court).
Appellee claims that the executor merely has to make a discovery request from
the deceased's former employer and that this minor burden would force the
employer to disclose the existence of these types of policies. We disagree.
First, COLI policies are formed for
the benefit of the company and cannot be defined as an employee benefit. See
Winn-Dixie Stores, Inc. v. Commissioner, 254 F.3d 1313, 1317 (11th Cir.
2001) (holding that COLI insurance policies were not an employee benefit because
the company was the beneficiary of the policies). This means that even had
Appellant requested a list of all of Torrez's employment benefits from Appellee,
Appellee would not have been required to mention the COLI policy, and the policy
could thus have remained undiscovered.
Further, a company owning COLI
insurance policies would not have to disclose their existence because a company
is not required to disclose a cause of action against itself. See Autry v.
Dearman, 933 S.W.2d 182, 192 (Tex. App.--Houston [14th Dist.]
1996, writ denied) (holding that in the absence of a contractual agreement or
fiduciary relationship the appellant had no legal duty to disclose a cause of
action against itself). In most instances, an employee who no longer works for
an employer has no contract with the employer, and no other fiduciary or
contractual relationship exists. Therefore, the company owning the COLI policies
would not have a duty to disclose their existence to former employees who were
still alive or to the executors of the estates of deceased employees.
Further, any company that the
deceased had ever worked for could have held a COLI policy on him or her.
Appellee's theory would require an executor of an estate to determine every
employer that the deceased ever worked for, contact them, and determine whether
they had an outstanding life insurance policy on the deceased. Even assuming
that the employers cooperated, such a rule would impose an incredible burden on
the estate. We hold that the COLI insurance policy on Torrez, and his estate's
corresponding injury, were inherently undiscoverable and that the discovery rule
applies to this case.(1)
We must now determine if Appellant
timely filed his claim within the tolled limitations period. The evidence shows
that Appellant discovered the existence of the COLI policy in December of 2001.
Even assuming that a two-year statute of limitations applied to Appellant's
claims, Appellant had until December of 2003 to file his claims. See Medina
v. Lopez-Roman, 49 S.W.3d 393, 397 (Tex. App.--Austin 2000, pet. denied)
(holding that in order to determine the expiration of the statute of limitations
we look to the date upon which the event occurred and then look at the calendar
to find the same date, two years later). The evidence shows that Appellant filed
his claims on March 28, 2002, well within the statute of limitations for the
claims.
Viewing the evidence and its
reasonable inferences in the light most favorable to the nonmovant, we hold that
the statute of limitations was tolled in this case by the discovery rule. Great
Am., 391 S.W.2d at 47. Therefore, the trial court erred in granting
Appellee's summary judgment based on the statute of limitations. We sustain
Appellant's first issue on appeal.
CONCLUSION
Having determined that the trial
court erred by granting the summary judgment based on the statute of
limitations, we need not reach Appellant's second issue. See Tex. R. App. P.
47.1. We reverse the trial court's judgment and remand the cause for further
proceedings consistent with this opinion.
 
                                                                      
SAM J. DAY
                                                                      
JUSTICE
 
PANEL B: DAY, LIVINGSTON, and
WALKER, JJ.
DELIVERED: August 14, 2003

1. We need not consider whether the injury was objectively
verifiable because Appellee asserts that this prong of the discovery rule is not
at issue here.