**Joe TORREZ, Executor of the Estate of Samuel S. Torrez, Appellant,**

v.

**WINN–DIXIE STORES, INC., Appellee.**

No. 2–02–339–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 14, 2003.

Rehearing Overruled Sept. 11, 2003.

McClanahan & Clearman, L.L.P., Michael D. Myers, Scott M. Clearman, Robert H. Espey, II, Houston, for appellant.

Cantey & Hanger, L.L.P., Bradley C. Poulos, Fort Worth, Vinson & Elkins,

L.L.P., Marie R. Yeates, Richard P. Dearing, Houston, for Winn–Dixie Stores, Inc.

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

## OPINION

SAM J. DAY, Justice.

## INTRODUCTION

Appellant Joe Torrez, executor of the estate of Samuel S. Torrez, appeals the trial court's granting of Appellee Winn–Dixie Stores's, motion for summary judgment. In two points, Appellant claims that: 1) the trial court erred in granting Appellee's motion for summary judgment; and 2) the trial court abused its discretion by denying Appellant's motion for a continuance. We reverse the trial court's judgment.

## FACTS

Appellee purchased life insurance policies on a large number of employees, including Samuel S. Torrez, in 1993. Appellee named itself the beneficiary on these policies, which were apparently purchased for tax benefits. The policies were called "corporate owned life insurance" or COLI policies.

Torrez was employed by Appellee for more than thirty-years. Although Torrez worked primarily as a data processor, he held numerous positions with Appellee, and he retired as a security guard. Torrez was retired for approximately two years before he died in 1996. Appellee discovered that Torrez had died through a yearly check of Social Security numbers, which Appellee performed in managing the COLI policies. Appellee then filed a claim under the policy, and the insurance company paid Appellee over $38,000 in life insurance proceeds.

Appellant first learned of the life insurance policy in December of 2001. Upon learning that Appellee had purchased insurance on the life of his father, Appellant brought suit as executor of the Torrez estate. Appellant sought a declaration that Appellee did not have an insurable interest in the life of Samuel S. Torrez. Appellant also sought the imposition of a constructive trust over the life insurance proceeds paid to Appellee. Appellee moved for summary judgment on the sole ground that Appellant's claims were barred by the applicable statute of limitations. The trial court granted Appellee's motion, and this appeal followed.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Southwestern Elec. Power Co.,* 73 S.W.3d at 215; *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded, and the evidence favorable to the nonmovant is accepted as true.

*Rhone–Poulenc,* 997 S.W.2d at 223; *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47..

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin,* 589 S.W.2d at 678.

## SUMMARY JUDGMENT

In Appellant's first issue, he claims that the trial court erred in granting Appellee's traditional summary judgment motion based on the statute of limitations. Appellant asserts that the statute of limitations on his claims was tolled by the discovery rule. Appellant states that because he neither knew nor should have known of the insurance policy in this case, the statute of limitations did not begin to run until he discovered the existence of the policy in December 2001.

Traditionally, Texas courts have prohibited a person from purchasing an insurance policy on the life of another if that person does not have an insurable interest on the life of the insured. *Cheeves v. Anders,* 87 Tex. 287, 28 S.W. 274, 275 (1894). This theory of law is based on two public policy concerns. First, Texas courts have repeatedly ruled that it is against public policy to promote a practice that would encourage one person to take the life of another. *Stillwagoner v. Travelers Ins. Co.,* 979 S.W.2d 354, 360 (Tex. App.-Tyler 1998, no pet.). The second public policy concern is that no one should be permitted to wager on the life of another. *Stillwagoner,* 979 S.W.2d at 360.

It is the second policy concern that is controlling in this case. Clearly a company may insure the lives of essential personnel, specifically those whose death would cause a financial hardship on the company. *See Stillwagoner,* 979 S.W.2d at 360. However, a company may not insure employees whose termination through sickness, death, or other manners of employment cessation would cause no financial hardship on the company whatsoever. *Id.* This has occurred in this case, where Torrez retired nearly two years before he died, and Appellee can point to no financial hardship which came from his retirement or death. As such, Appellee was merely gambling on Torrez's life in hopes that his death would soon follow the inception of the life insurance policy. When, as in this case, the necessary insurable interest is lacking, the designated beneficiary holds the policy benefits in a constructive trust for the insured's estate. *Sever v. Massachusetts Mut. Life Ins. Co.,* 944 S.W.2d 486, 491 (Tex.App.-Amarillo 1997, writ denied).

Appellee claims that Appellant had four years from the time of Torrez's death to file suit in order to recover under the constructive trust. *See ·Mowbray v. Avery,* 76 S.W.3d 663, 691 (Tex.App.-Corpus Christi 2002, pet. denied) (holding that a constructive trust claim is governed by either a two or four-year statute of limitations period and because the plaintiff failed to file within four years the claim was barred). Appellant responds by stating that the statute of limitations was tolled until he discovered the existence of the insurance policy. Under Appellant's argument, he filed his claim within two years from the date he discovered the injury; therefore, the statute of limitations would not bar his claims.

The Texas Supreme Court has condoned the use of the discovery rule only when the nature of the plaintiff's injury is both inherently undiscoverable and

objectively verifiable. *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 734 (Tex. 2001). An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence. *See id.* at 735 (citing to *S.V. v. R.V.,* 933 S.W.2d 1, 7 (Tex.1996)). However, inherently undiscoverable does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period. *Id.* Instead, this court is to determine whether an injury is inherently undiscoverable on a categorical basis because such an approach "brings predictability and consistency to the jurisprudence." *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 122 (Tex.2001).

■■■ Appellee alleges that Appellant's injuries were discoverable on a categorical basis. Appellee claims that an executor would only be required to ask a deceased's former employer whether the deceased had acquired any employment benefits through working for the company in order to discover whether a COLI policy existed. *See Medenco, Inc. v. Myklebust,* 615 S.W.2d 187, 189 (Tex.1981) (holding that employment benefits are discoverable in divorce proceedings, and an employer who refuses to answer a proper discovery request could be subject to sanctions by the court). Appellee claims that the executor merely has to make a discovery request from the deceased's former employer and that this minor burden would force the employer to disclose the existence of these types of policies. We disagree.

First, COLI policies are formed for the benefit of the company and cannot be defined as an employee benefit. *See Winn–Dixie Stores, Inc. v. Commissioner,* 254 F.3d 1313, 1317 (11th Cir.2001) (holding that COLI insurance policies were not an employee benefit because the company was the beneficiary of the policies). This means that even had Appellant requested a list of all of Torrez's employment benefits from Appellee, Appellee would not have been required to mention the COLI policy, and the policy could thus have remained undiscovered.

Further, a company owning COLI insurance policies would not have to disclose their existence because a company is not required to disclose a cause of action against itself. *See Autry v. Dearman,* 933 S.W.2d 182, 192 (Tex.App.-Houston [14th Dist.] 1996, writ denied) (holding that in the absence of a contractual agreement or fiduciary relationship the appellant had no legal duty to disclose a cause of action against itself). In most instances, an employee who no longer works for an employer has no contract with the employer, and no other fiduciary or contractual relationship exists. Therefore, the company owning the COLI policies would not have a duty to disclose their existence to former employees who were still alive or to the executors of the estates of deceased employees.

Further, any company that the deceased had ever worked for could have held a COLI policy on him or her. Appellee's theory would require an executor of an estate to determine every employer that the deceased ever worked for, contact them, and determine whether they had an outstanding life insurance policy on the deceased. Even assuming that the employers cooperated, such a rule would impose an incredible burden on the estate. We hold that the COLI insurance policy on Torrez, and his estate's corresponding injury, were inherently undiscoverable and that the discovery rule applies to this case.[1]

1. We need not consider whether the injury   was objectively verifiable because Appellee as-

We must now determine if Appellant timely filed his claim within the tolled limitations period. The evidence shows that Appellant discovered the existence of the COLI policy in December of 2001. Even assuming that a two-year statute of limitations applied to Appellant's claims, Appellant had until December of 2003 to file his claims. *See Medina v. Lopez–Roman,* 49 S.W.3d 393, 397 (Tex. App.-Austin 2000, pet. denied) (holding that in order to determine the expiration of the statute of limitations we look to the date upon which the event occurred and then look at the calendar to find the same date, two years later). The evidence shows that Appellant filed his claims on March 28, 2002, well within the statute of limitations for the claims.

Viewing the evidence and its reasonable inferences in the light most favorable to the nonmovant, we hold that the statute of limitations was tolled in this case by the discovery rule. *Great Am.,* 391 S.W.2d at 47. Therefore, the trial court erred in granting Appellee's summary judgment based on the statute of limitations. We sustain Appellant's first issue on appeal.

### CONCLUSION

Having determined that the trial court erred by granting the summary judgment based on the statute of limitations, we need not reach Appellant's second issue. See Tex.R.App. P. 47.1. We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

serts that this prong of the discovery rule is not at issue here.